[L. A. No. 4277. In Bank.—June 28, 1916.]
## BROOKLYN MINING COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

Workmen's Compensation Act—Miner—Resting While Going to Working Place—Willful Misconduct.—The act of a miner, while going from one working place in the mine to another, in temporarily stopping to rest in the shade of an ore-bin in order to recuperate from the intense heat, that place being commonly frequented by the men for this purpose, is not "willful misconduct" within the meaning of the Workmen's Compensation Act, barring a right of indemnification for personal injuries sustained by him resulting from the collapse of the ore-bin.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Byron Waters, McNabb, Hartzell & Hodge, and Holcomb & Coy, for Petitioners.

Christopher M. Bradley, for Respondent.

HENSHAW, J.—The writ of review was issued in this case for the consideration of constitutional objections urged against the validity of the Workmen's Compensation, Insurance and Safety Act. All of those constitutional questions have been considered and disposed of in the opinion of this court in *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, [151 Pac. 398].

Nothing remains saving one last contention of the petitioners, which is to the effect that the admitted facts attending the death of Charles Fremont Goering established that he met his death under circumstances which, under the terms of the act, deprive his widow of the right to any award

The facts are that Goering was employed as a miner working in one of the shafts of a mine belonging to the petitioners. He had been instructed by the foreman to complete his work in the shaft and then go to another shaft where the foreman

was located and work there.    He came to the surface of the ground after completing his work in the shaft.    The day was insufferably hot and he stopped temporarily to rest in the shade of an ore-bin, a place quite commonly frequented by the men for this purpose.    While so resting the bin collapsed and killed him.    Under the circumstances of the case, considering the fact that word had been sent or at least carried to the foreman that he had finished his underground labors and was waiting for another assignment to work, and considering also the additional fact that the shade of the ore-bin was a common place for the men to recuperate from the intense heat, that the bin was regarded as a safe structure, and that no one had ever warned any of the men against resting under it, it is quite apparent that the act of the deceased in making it a place of temporary rest and recuperation was not the "willful misconduct" of the law (Workmen's Compensation, Insurance and Safety Act, sec. 12, subd. 3) barring a right of *indemnification.*

The writ of review is therefore discharged.

Melvin, J., Shaw, J., Sloss, J., Lorigan, J., Lawlor, J.; and Angellotti, C. J., concurred.