(No. 18781.—

THE F. BECKER ASPHALTUM ROOFING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (R. L. PAINTER, Defendant in Error.)

*Opinion filed December 20, 1928—Rehearing denied Feb. 7, 1929.*

WILLIAM GREENE, and H. L. HOWARD, for plaintiff in error.

HOLLERICH & HURLEY, (C. H. LINSCOTT, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

The circuit court of Winnebago county confirmed an award of the Industrial Commission in favor of R. L. Painter against plaintiff in error, the F. Becker Asphaltum Roofing Company, and the case is before this court on a writ of error.

The sole question is whether or not the injury grew out of and was in the course of the employment.

Plaintiff in error makes, lays and markets a patent roofing material which is laid over wooden shingles. It has twenty-two branch offices at which roofers and salesmen are employed. Painter was a roofer and had worked for about two years at the Rockford branch and for about five weeks prior to the injury at the LaSalle branch. His duties were to put on roofing and supervise the work of other roofers. For about four years it had been the custom of some of these branches to hold annual picnics of their employees for the purpose of creating a good feeling among them, boosting their morale and aiding business. Plans were made to hold a picnic by the employees of the LaSalle branch on August 21, 1926. Painter claims the arrangements were made by J. H. Eklund, the manager, while plaintiff in error claims they were agreed upon between the manager and the employees. The determination of that question is not material to a decision of the case. The day of the picnic was a holiday, business was suspended, the

employees and their families were asked to attend the picnic, and they were to receive half pay for the day. Plaintiff in error was to furnish the ice cream and soft drinks and the employees were to furnish their own transportation and food. A collection was taken among the employees for prizes for contests, to which plaintiff in error contributed. Some of the witnesses testified that Eklund said that in order to draw half pay the employees would have to attend the picnic, but the evidence shows that some employees who did not attend received their pay. Painter had four children, who lived in Rockford with a housekeeper. He made arrangements with the housekeeper to drive from Rockford to LaSalle on the morning of the picnic. He told Eklund he was going to meet his family several miles out on the hard road and they would not get to the picnic until about eleven o'clock. Painter drove out in a car belonging to a salesman named Cannon and met his family. The housekeeper, Painter and two of the children got into the Painter car and Cannon and two of the children were in the Cannon car. The Cannon car led the way and the Painter car followed. About four miles from the picnic grounds, about 11:45 A. M., the Painter car was struck by an interurban car of the Illinois Traction System and Painter was injured. On the evening of that day Eklund, in company with Cannon, ordered a private nurse for Painter, and Eklund wrote his name, address and the telephone number of plaintiff in error in a memorandum book at the hospital in order that the hospital authorities might know who would be responsible for the hospital bill. A day or two later, Cannon, in the presence of a nurse, told Eklund that he (Cannon) had told the nurse they wanted her to take care of this man and they were going to see that everything was taken care of, to which remark Eklund replied "certainly."

The Compensation act does not apply to every accident or injury which may happen to an employee during his

employment. The injury contemplated by the act must have had its origin in some risk of the employment. It must arise out of and in the course of the employment or be incident thereto. (*Edelweiss Gardens* v. *Industrial Com.* 290 Ill. 459; *Jones Foundry Co.* v. *Industrial Com.* 312 id. 27.) A risk is incident to the employment when it belongs to or is connected with the duties a workman has to perform under his contract of service. (*Boorde* v. *Industrial Com.* 310 Ill. 62; *Weis Paper Mill Co.* v. *Industrial Com.* 293 id. 284.) A workman is within the course of his employment when, within the time covered by such employment, he is doing something he might reasonably do while so employed, at a place where he might be while in that employment. (*Dambold* v. *Industrial Com.* 323 Ill. 377; *Terminal Railroad Ass'n* v. *Industrial Com.* 309 id. 203.) The test relates to the time, conduct and place. An injury not fairly traceable to the employment as the contributing proximate cause does not arise out of the employment. (*Jefferson Printing Co.* v. *Industrial Com.* 312 Ill. 575.) There must be some causal relation between the injury and the employment, and if the injury is sustained by reason of some cause having no relation to the employment it does not arise out of the employment. It is not enough that the injured person may be present at the place of the accident because of his work, unless the injury is the result of some risk of the employment. (*Gooch* v. *Industrial Com.* 322 Ill. 586.) The general rule is that the employment does not begin until the employee reaches the place where he is to work or the scene of his duties, and it does not continue after he has left. (*Schweiss* v. *Industrial Com.* 292 Ill. 90.) There may be circumstances under which an employee in going to or from his place of employment could be held to be in the line of his employment, but such cases are generally controlled by the particular facts and circumstances. (*Fairbanks Co.* v. *Industrial Com.* 285 Ill. 11; *Dambold* v. *Industrial Com. supra; Bloom-*

*ington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 id. 239.) There are numerous cases where it was held that compensation could not be recovered although the employee at the time of the accident was actually at work. The basis of these cases was that the accident did not arise out of and in the course of the employment. *Gooch* v. *Industrial Com. supra; Jones Foundry Co.* v. *Industrial Com. supra; Jersey Ice Cream Co.* v. *Industrial Com.* 309 Ill. 187; *Mix Dairy Co.* v. *Industrial Com.* 308 id. 549.

Counsel for plaintiff cite *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148, *Solar-Sturges Manf. Co.* v. *Industrial Com.* 315 id. 352, and *Porter Co.* v. *Industrial Com.* 301 id. 76, as cases sustaining his contention that the accident in question arose out of and in the course of the employment. None of these cases come within the facts here recited. In each of them the injured party was actually and actively engaged in work of his employment at the time of the injury. In this case it was the duty of Painter to put on roofs and to supervise the work of other men who were engaged in that duty. He was injured while on his way to the picnic. He had not reached the picnic grounds and was not engaged in any work connected with his employment at the time he was injured. If an employee is not entitled to compensation when he is injured while going to or from his work he would not be entitled to compensation for injuries sustained while he was on his way to a celebration which had no connection with the purpose for which he was employed. It would be extending the provisions of the Compensation act to undue length to hold that such an injury arose out of and in the course of the employment.

It is insisted by Painter that plaintiff in error by ordering the nurse and agreeing to pay the hospital bill admitted its liability and that Painter's injury grew out of and was in the course of his employment. In support of this con-

tention *New Staunton Coal Co.* v. *Industrial Com.* 328 Ill. 89, is cited. The rule announced in that case under the facts is not sufficient to establish liability of plaintiff in error in this case.

The judgment of the circuit court will be reversed and the award will be set aside.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed and award set aside.*