HELLER BROTHERS PACKING COMPANY, a corporation, and BITUMINOUS CASUALTY CORPORATION, a corporation, v. LONNIE DAVE LEWIS and FLORIDA INDUSTRIAL COMMISSION.

20 So. (2nd) 385           January Term, 1945
January 12, 1945                En Banc

*Shackleford, Farrior & Shannon,* for appellants.
*Joseph W. Nichols,* for appellees.

CHAPMAN, J.:

This is a compensation case. The facts are substantially viz: Heller Brothers Packing Company is a corporation located at Clearwater, Florida, and was engaged in the business of picking citrus fruit from its various groves and hauling

the fruit by trucks to canning plants. Kendricks and Roberts were truck drivers employed to drive the trucks when filled with fruit by the fruit pickers. Kendricks and Roberts were paid by the hour. The picking of fruit and the transportation thereof from the groves to the canning plants were simultaneous operations. The pay of the truck drivers started when they left the canning plants to go to the grove or groves for fruit, and the pay continued until their return, although in some instances the trucks were delayed for various reasons beyond the control of the drivers.

On April 19, 1943, Lonnie Dave Lewis, a colored boy, was picked up at Largo by a Mr. Luh, grove foreman of appellant, and transported to one of appellant's groves situated approximately two miles from Dunedin. The colored boy was employed by Mr. Luh, the foreman, to pick fruit in behalf of Heller Brothers Packing Company. He was transported about ten miles and picked fruit for his first day for the appellant. The colored boy was without lunch at the noon hour and made this known to Mr. Luh, who directed the colored boy to take the "jeep" truck and drive down to Sunset Point, near Dunedin, about a mile away and get his lunch.

Pursuant to the directions given by the foreman, Mr. Luh, the colored boy Lewis, a fruit picker, with another colored boy named Williams, went to obtain the jeep truck owned by the appellant and get his lunch at Sunset Point. Mr. Roberts, one of the truck drivers, declined the use of the truck to Lewis and Williams, fruit pickers, to obtain lunch nearby, but Roberts remained at the wheel and undertook to transport the colored boys from the grove to Dunedin for lunch. Mr. Kendricks, another truck driver, also desired lunch and went along in the truck driven by Mr. Roberts to Dunedin, where the two colored boys and Mr. Kendricks purchased lunches and returned to the truck, and the truck driven by Mr. Roberts, started on its return to the groves. Shortly after leaving Dunedin and prior to reaching the grove and when traveling the road, the truck was overturned and the two drivers, Roberts and Kendricks, were killed, and the two colored boys were injured. There is some evidence from which it may be inferred that the deceased Kendricks and the

two fruit pickers, Williams and Lewis, were eating their lunches when the accident occurred. It is shown that the fruit picker Lewis was paid by the hour.

The claimant, Lonnie Dave Lewis, filed with the Florida Industrial Commission a claim for the injuries sustained, and on October 29, 1943, an award therefor was entered and on appeal to the Circuit Court of Pinellas County the award of compensation as entered by the Industrial Commission was affirmed. An appeal therefrom has been perfected here.

Flowing from the statement of facts *supra* is the legal question viz: Is the claimant, Lonnie Dave Lewis, entitled to compensation and award under the Workmen's Compensation Act of Florida for the injuries sustained upon the hypothesis that claimant was injured in an accident arising out of and in the course of his employment. The Circuit Court of Pinellas County answered the question in the affirmative.

We have previously held that the findings of fact by the Industrial Commission in compensation cases should be given the same weight and consideration which a chancellor gives to findings of fact and law of a special master. See Stone-Brady, Inc., v. Heim, 152 Fla. 710, 12 So. (2nd) 888. Likewise when an appeal is taken from an order of the circuit court in a compensation proceeding, this Court will give the circuit court's findings of fact the same degree of consideration which it gives to findings of a chancellor in a chancery suit, which means that, if the circuit court has acted on the record made before the Industrial Commission, great weight will be given the circuit court's findings and conclusions on the facts. See Firestone Auto Supply & Service Stores v. Bullard, 141 Fla. 282, 192 So. 865; Cone Bros. Contracting Co. v. Massey, 145 Fla. 56, 198 So. 802.

Counsel for appellant have submitted an unusually strong and well prepared brief. It is the writer's view that in this line of litigation we find the authorities in almost irreconcilable conflict. Citations of cases from the appellate courts of Utah, Wisconsin, Michigan, Indiana, California, Maine, Minnesota, Nebraska, North Dakota, Oklahoma, New York, Texas, and Virginia indicate that where an injury occurs during a lunch period, away from the employer's premises,

and at a time when the employee is riding in his employer's motor vehicle, there is no liability—on the theory that the accident did not arise out of or in the course of the employment.

Schneider on Workmen's Compensation Law, Vol. 1 (2nd ed.) 846, par. 276, is cited and relied upon to the effect that where an employee (during the lunch hour) goes to his home or other place selected by him a substantial distance away from the ambit of his employment and while doing so is injured then the accident did not arise out of or in the course of his employment. The soundness of this principle is beyond question. It is not here applicable, because the evidence discloses that Mr. Luh, appellant's foreman, directed the appellee to take the appellant's "jeep" and go to "Sunset Point" and obtain a lunch. The authorities cited and relied upon overlook this very important factor.

The record here discloses that the fruit in the grove where the appellee was picking was not good. Trucks and drivers were idle because of the lack of fruit. The foreman well knew that a hungry fruit picker could not render very efficient services and a lunch would enhance the interest of both the employer and employee in that food would create the strength and reserve of the employee to work, thereby resulting in more efficient services in gathering fruit in behalf of the employee. The interest of the employer was advanced by the foreman in directing the employee to take the appellant's "jeep" and go to Sunset Point and obtain lunch. This element was lacking in many of the cited cases.

We fail to find error in the record.

Affirmed.

BROWN, BUFORD and SEBRING, JJ., concur.

TERRELL, ADAMS and THOMAS, JJ., dissent.