MRS. OTTICE F. GREENFIELD *v.* MANUFACTURERS CASUALTY COMPANY *et al.*

(*Jackson,* April Term, 1955.)

Opinion filed June 10, 1955.

HUGH K. McLEAN and CHAS. C. MONTGOMERY, both of Paris, for plaintiff in error.

VAN DYKE & DUNLAP, of Paris, for defendants in error.

Mr. Justice Swepston delivered the opinion of the Court.

This is a Workmen's Compensation case and the question is whether or not the accident and injury arose out of and in the course of employment of petitioner by the defendant Davis Stores in Paris, Tennessee. The trial Judge held that the injury was not compensable.

The petitioner had been employed for about two weeks prior to the injury as manager of Davis Stores. Working hours were not of a fixed period of the day but she was required to attend to a variety of matters even though it made it necessary for her to work at night. On this particular evening her district supervisor requested that she come back after her dinner hour and told her that the store would pay for her evening meal. When she was on her way to obtain said meal at a public eating place and had gotten about two blocks away from the store she was struck by an automobile while attempting to cross the street and suffered very severe injuries.

The Trial Judge made no findings of fact but simply announced the conclusion that he was of opinion that the accident did not arise out of and in the course of employment. Petitioner testified that whenever an employee of the Store worked overtime, the Store paid for his evening meal. She was corroborated in this by another employee, Mrs. Hill. The district supervisor, Mr. Schwartz, said that the store paid for the evening meal only when the employee had been especially requested or directed to

return for work over-time. The weight of the proof is with the petitioner. Petitioner testified that she was instructed by Mr. Schwartz to take her evening meal under such circumstances at one of three designated public eating places. Mr. Schwartz denied that he so instructed her but said he simply suggested that she eat at different places by reason of good public relations. Mrs. Hill did not corroborate petitioner but simply said that they almost always went to one of these three designated places. The weight of the proof is against petitioner on this point.

The first six assignments of error all go to the question first above stated. Petitioner was paid $75 a month. Petitioner received no other compensation than $75 a month except reimbursement for the evening meal when she worked late at the Store. The substance of petitioner's theory is contained in the second proposition of fact. It is said that the contract of employment contemplated that she would be required to work late at night from time to time; that in order that she might perform such duties she must necessarily eat an evening meal; that it was contemplated that she would eat such meal in as short a time as possible at the expense of the Store so that she might resume the performance of her duties in said Store without delay; that the injuries therefore arose out of and in the course of her employment, because at the time she was engaged in the performance of an act personal to her in the sense that it was necessary for her physical well-being, but same was contemplated and agreed upon by the defendants in their contract. It is further said that the contract contemplated that she should be at the place where said accident happened, at the time and on the date the same occurred, and because

also she was specifically requested on that occasion to be there.

■ Petitioner's counsel has compiled a very interesting and plausible brief to support his contention. However, we find nothing in the case to take it out of the general rule stated in *Free* v. *Indemnity Ins. Co. of N. A.,* 177 Tenn. 287, 145 S. W. (2d) 1026, and in numerous other cases to the effect that is well settled by the authorities that the relation between master and servant is suspended when the servant leaves the place of actual employment to go to his home for rest or food or to associate with his family.

In 58 Am. Jur., 723, Section 217, it states that:

"The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of employment. This general rule is subject, however, in most jurisdictions to certain well-recognized exceptions which depend upon the nature, circumstances and conditions of the particular employment and the cause of the injury."

The sections following set out the exceptions to the general rule, and under Section 228, on page 735, it is said:

"Ordinarily, an employee is not under the protection of the statute while away from the employer's premises during an intermission for lunch, although there may be exceptional circumstances entitling the employee to compensation in such a case."

There is a full note in 141 A. L. R. 862, giving the cases wherein compensation was allowed and those wherein it was not allowed.

*Smith* v. *Camel Mfg. Co.*, 192 Tenn. 670, 241 S. W. (2d) 771, has dealt with the general question and the opinion quotes from our case of *Little* v. *Johnson City F. & M. Co.*, 158 Tenn. 102, 11 S. W. (2d) 690, wherein it is said:

" 'If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and (has) chosen his own place or mode of travel, the injury does not arise out of his employment nor is it within the scope thereof.' " 158 Tenn. at page 106-107, 11 S. W. (2d) at page 692.

At the time of this accident petitioner was not engaged in any business for the benefit of her employer. She was simply traveling along a route she herself selected and was on her way not even to the nearest one of the three eating places, but to the one that she preferred to eat at. She was simply attending to the routine matter of going to obtain her evening meal. The fact that she was to be reimbursed for the cost of the evening meal amounts to nothing more than payment of additional compensation for the work to be done after she returned to the employer's premises from her evening meal.

We are unable to find any fact or facts that bring this accident within the coverage of the Compensation Act so as to justify us in holding that it arose out of and in the course of her employment.

The last assignment of error concerns a letter written by her employer after the injury, in which liability for compensation is assumed to exist. This was unsuccessfully sought to be used as a basis for a new trial. The insistence is this letter shows that the risk of such an injury was directly within the contract of employment.

We find no merit in this assignment and same is overruled.

The judgment of the lower Court is affirmed.