CULPEPPER, Judge.
This is a suit for workmen’s compensation benefits arising from the death of Willie DeVille, husband of plaintiff, Mrs. Hazel" DeVille, and father of their eight minor-children. DeVille was employed as a janitor for the First Baptist Church of Lake-Charles and the defendant is the church’s-workmen’s compensation insurer. His death-resulted from injuries received in an accident while riding his own motor scooter home for lunch. The district judge held the accident did not arise out of or in the course of DeVille’s employment. From a judgment, rejecting her demands, plaintiff appealed.
 As a general rule, an accident suffered by an employee while going to or returning from work does not arise out of or in the course of his employment. Vincent v. Service Contracting, Inc., La.App., 108 So.2d 281 and the cases cited there. However, there are several exceptions to this rule. For a discussion of the rule and its exceptions, see Malone, Louisiana Workmen’s Compensation Law & Practice. Sec. 171-175. The issue is whether the present case falls within one of these exceptions.
Plaintiff first argues this case falls within the exception that an accident which occurs while the employee is going to or returning from work is compensable if the transportation is furnished by the employer. Soileau v. Tyl, La.App., 148 So.2d 173 (3rd Cir.1963). Plaintiff contends this exception applies because the church furnished DeVille gasoline for his motor scooter.
We find it unnecessary to decide whether the mere furnishing of gasoline could be sufficient. For the facts here do not show the church furnished gasoline to DeVille to-go to and from work. There was testimony that the three porters at the church were given some reimbursement for gasoline used in lawn mowers or other machines and, perhaps, for the porters to run errands for the church in their own vehicles. However, this amounted to only $9 during the entire year 1964 for all three porters. There was clearly no agreement by which the church furnished gasoline to DeVille to go to arid from work. Nor was gasoline furnished to- *663 DeVille to go home for lunch on this particular occasion.
The next exception urged by plaintiff is .that an accident is compensable, while the employee is going to or from work, if he is charged with some duty to perform for his employer while he is on the trip. Bush v. Houston Fire & Casualty Insurance Company, La.App., 152 So.2d 377.
The answer to this argument also is that the facts of the present case do not show DeVille was charged with the duty to perform, or was performing, any service for the church while on this particular trip. DeVille “punched out” on the time clock at 12:01 p.m.; he told a co-employee he was going home to eat; his wife had prepared lunch for him; he had worked in the church building that morning, had been assigned no duties during the lunch hour, and was to work in the church again that afternoon. Although he occasionally did yard work, etc., at the parsonage and another piece of property owned by the church, the route which he was taking on this occasion led from the church directly toward his home and did not go near the church properties. The evidence does not support this exception.
The exception on which plaintiff principally relies is that set forth in Willis v. Cloud, La.App., 151 So.2d 379 (3rd Cir. 1963). In that case plaintiff was required to furnish his own truck and employees to •cut and haul pulpwood for defendant. The .accident occurred while plaintiff was returning home from the woods in the truck. We held the accident compensable, quoting from Larson, Workmen’s Compensation Law, page 239, Sec. 17.50, as follows:
“ 'Closely analogous to the employer’s conveyance rule in principle is the holding that the course of employment embraces the trip to and from work if the employee as part of his job is required to bring with him his own car or motorcycle, regardless whether he is compensated for the trip. ■* * * (T)he obligations of the job reach out beyond the premises and compel the employee to submit to the hazard of motor travel, which otherwise he would have the option of avoiding.’ ”
Malone, Louisiana Workmen’s Compensation, 1964 P.P., page 66, Sec. 173 describes this exception as follows:
“The vehicle in which the employee is riding while going to work may be one which he is required to use in the performance of his duties. In such a situation the bringing of the vehicle from home to the job site can be realistically regarded as the performance of an employment duty. If, therefore, an accident occurs on the trip to work under such circumstances, it can fairly be regarded as happening during the course of employment without the necessity of any further showing.”
Again, the answer to plaintiff’s argument is that the facts of the present case do not show DeVille was required to use his motor scooter in the performance of his duties. It is true he occasionally used this vehicle to run errands for the church, such as going to the pastor’s home, the railroad express station, the bus station, etc. But, he was not required to bring the motor scooter to work, nor did he always do so. On some days his wife drove him to work. In this regard, Mr. Clement Granger, DeVille’s immediate superior, testified as follows:
“Q. Mr. Granger, if Willie had sold his motor scooter, would you have let him go?
A. No, I wouldn’t.
Q. Then it wasn’t crucial that he have this motor scooter — you could have sent someone else ?
A. I could have went myself, as far as that goes.
Q. So, in other words, it so happens he had ready transportation?
A. He had that transportation so I used it.
Q. Right.
*664 Q. Well, if he hadn t had it, it wouldn’t have made that much difference as far as his employment relationship ?
A. No, I would have kept him anyway.”
Thus the evidence is clear that DeVille was not required to use his motor scooter in the performance of his duties. It is true he did use it occasionally to run errands and perform other services for his employer. But, the exception set forth in Willis v. Cloud, supra, does not extend this far.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.