270 So.2d 108

In re UNION CAMP CORPORATION,
a corporation

v.

Myrtle W. BLACKMON.

Ex parte Myrtle W. BLACKMON.

SC 97.

Supreme Court of Alabama.

Nov. 9, 1972.

Williamson & Taber, Greenville, for petitioner.

Poole & Poole, Greenville, for respondent.

HARWOOD, Justice.

The question presented on this review is whether an employee is entitled to compensation under our Workmen's Compensation Act where he is injured during an allowable lunch break where the injury occurs away from his work site, but during the time allowed for the lunch break, the workman being "on call" during the lunch break, and wages being paid during such break.

The Circuit Court adjudged that under such circumstances the workman (or his surviving widow) was entitled to the benefits provided under our workmen's compensation law, and that the workman's injuries occurred in the course of, and arose out of, his employment.

The Court of Civil Appeals reversed the judgment of the Circuit Court. We granted a writ of certiorari to review the decision and judgment of the Court of Civil

Appeals, the question presented being one of first impression in this state.

■ On certiorari this court will ordinarily review the Court of Civil Appeals only on questions of law and not upon the findings of fact, other than as to the application of the law to the facts as found by the Court of Civil Appeals. Russellville Gas Co., Inc. v. Duggar, 288 Ala. 309, 260 So.2d 395.

■ For an injury to an employee to be compensable under our Workmen's Compensation Act, the accident causing the injury must "arise out of" his employment and occur "in the course of" such employment. Section 253, Title 26, Code of Alabama 1940.

In Wooten v. Roden, 260 Ala. 606, 71 So.2d 802, we stated that Section 262(j) of Title 26, Code of Alabama 1940, interposed language in the nature of a limitation upon the terms "arising out of" and "in the course of" employment.

Section 262(j), in parts pertinent to this review reads:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: *Not to cover workmen except while engaged in, or about the premises where their services are being performed,* or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen * * *. (Italics ours.)

A good discussion of the phrases "arising out of" and "in the course of" employment may be found in an opinion by Justice Lawson in Massey v. United States Steel Corp., 264 Ala. 227, 86 So.2d 375, which we quote in part:

"Every case involving these words should be decided upon its own particular facts and circumstances and not by reference to some formula. But it is usually said that the phrase "arise out of" employment refers to employment as the cause and source of the accident . . . . The rational mind must be able to trace the resulting injury to a proximate cause set in motion by the employment and not by some other agency . . . . We have said that the phrase "in the course of his employment" refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it."

The only Alabama case concerning a mealtime break that we have found is Wells v. Morris, 33 Ala.App. 497, 35 So.2d 54. The *Wells* case, however, involved an on-premises injury and is therefore not here applicable.

We see no need to fret over whether the fatal return trip to the plant was, or was not, a return from a meal break. The employer placed no limitation on where the employee could go for lunch, nor how many trips he could make for that purpose. The time period and possibility of recall to work were the only limitations imposed. The term lunch, or meal, contemplates sustenance, and we think the average soft drink falls within that category. On this basis it appears that this case should be decided on the hypothesis that the employee was injured during the period of time allowed for a meal break.

The workman here involved was a maintenance man for Union Camp, and the nature of his work required that he be "subject to recall" from his meal break if need arose. He was paid for an 8½ hour work day which included a half hour meal break. These facts are sufficient to constitute a continuation of the employment relationship during the meal break insofar as the injury be deemed to have been "in the

"course of" employment. Several courts have held that mere payment of wages during a meal break period is sufficient to place a workman "in the course of" his employment. Western Pipe and Steel Co. v. Industrial Accident Comm'n, 49 Cal. App.2d 108, 121 P.2d 35; Munroe v. Sullivan Mining Co., 74 Idaho 143, 258 P.2d 759; Clark v. Employers Liability Assur. Corp. (La.App.), 27 So.2d 464.

Professor Larson in his treatise "Workmen's Compensation Law" Vol. 1, Sec. 15.-52, states the doctrine of the cases as follows:

> "Similarly, just as an employee who is paid during his going and coming trip is deemed to be in the course of his employment for that reason, so a claimant who was paid during the time taken out for lunch or coffee may be given the benefit of the same conclusion."

We hold that Blackmon was in the course of his employment at the time of his injury.

The question yet remains, however, as to whether the injury *arose out of* his employment, which element is also a requirement of our statute.

In Gilmore v. Rust Engineering Co., 289 Ala. 46, 265 So.2d 591, this court wrote:

> "As a general rule, accidents occurring while an employee is traveling to and from work are not considered 'arising out of and in the course of his employment'. Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813; Sloss-Sheffield Steel & Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165; 99 C.J.S. Workmen's Compensation § 232. However, exceptions have been carved out of this general rule."

To the same effect see also Baggett Transfer Co. v. Holderfield, 260 Ala. 56, 68 So. 2d 21.

This general "coming and going" rule has been applied ordinarily to off-premises injuries to workmen in going to and coming from meals for the reason that such injuries cannot reasonably be said to arise out of the employment. See Heller Bros. Packing Co. v. Lewis, 155 Fla. 430, 20 So. 2d 385; Locke v. Steele County, 223 Minn. 464, 27 N.W.2d 285; Greenfield v. Manufacturers Casualty Co., 198 Tenn. 452, 281 S.W.2d 47; Dreyfus & Co. v. Meade, 142 Va. 567, 129 S.E. 336; Baskin v. Community Towel Ser., Ky., 466 S.W.2d 456; Smith v. Orleans Mgt. Corp., 242 So.2d 288 (La.App.1970); Deville v. Employer's Liab. Assur. Co., 192 So.2d 661 (La.App. 1966); Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192 (Tex. Com.App.1937).

█ The exceptions to the general rule arise where the employer furnishes transportation to the employee, or remunerates him for the expense incurred by the employee, or where the employee is engaged in some duty to his employer in connection with his employment at his home or en route. See 58 Am.Jur. Workmen's Compensation, Section 217.

Under facts shown none of these exceptions to the general rule are present in this case.

The following language appearing in F. Becker Asphaltum Roofing Co. v. Industrial Comm'n, 333 Ill. 340 at 343, 164 N.E. 668 at 670, has been quoted with approval in our cases of Wooten v. Roden, 260 Ala. 606 at 611, 71 So.2d 802 at 806, and Queen City Furniture Co. v. Hinds, 274 Ala. 584 at 588, 150 So.2d 756 at 760:

> "The injury contemplated by the act must have had its origin in some risk of the employment. It must arise out of and in the course of the employment or be incident thereto. * * * A risk is incident to the employment when it belongs to or is connected with the duties a workman has to perform under his contract of service. * * *
>
> "It is not enough that the injured person may be present at the place of the

accident because of his work, unless the injury is the result of some risk of the employment."

It was further stated in Wooten:

"* * * The words 'arising out of' involve the idea of causal relationship between the employment and the injury, while the term 'in the course of' relates more particularly to the time, place and circumstances under which the injury occurred. The phrases are not synonymous; where both are used conjunctively a double condition has been imposed, and both terms must be satisfied in order to bring a case within the act. 58 Am. Jur. 717. Generally, an injury arises out of an employment only when there is a causal connection between the injury and the conditions under which the work is required to be performed.

\* \* \* \* \* \*

"To justify recovery under the Workmen's Compensation Act, the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188; Madden's Case, 222 Mass. 487, 111 N.E. 379, L.R.A.1916D, 1000."

In the present case the danger incurred by the employee in going on a personal mission was in no wise connected with his employment, nor was the danger incidental to the character of his employment, but was wholly independent of the employment relationship.

The fact that the deceased workman was on pay during the meal break, and subject to call by his employer merely establishes that during the meal break the employee was in the course of his employment. This is not decisive that his injury arose out of his employment.

■ The risk to which the employee was subjected on his trip to obtain a soft drink was a risk shared by anyone riding in an automobile, and it was not a risk arising from his employment by Union Camp. The fact that he was within the hours of his employment, and was subject to recall, is not controlling. Such fact or facts do not change the necessary conclusion that Blackmon's employment in no wise exposed him to the risk causing his fatal injuries.

In Smith v. Texas Employers' Ins. Assn., 129 Tex. 573, 105 S.W.2d 192, the deceased workman was an employee of an undertaking establishment. His working hours were from 8 A.M. to 10 P.M., with an hour intermission for his noon and evening meals, which times he was privileged to use as he saw fit, subject only to being called by telephone if needed. He was not permitted to take meals away from his home without first leaving information at his employer's office as to where he could be reached if wanted. The employee was killed in an automobile collision while returning by a direct route from his home to his place of employment after having his evening meal at his home. In holding that workmen's compensation was not allowable because of the death of this employee, the Texas court wrote:

"The fact that he may still have been within the hours of his employment, or the fact that he was subject to call while at his home, is not controlling. These conditions may have been sufficient to bring the accident within the 'course of the employment,' but they could not in any manner change the situation with reference to the risks which were directly responsible for the injury. * * * It is true in practically all cases that the employee who goes to his home for his meals is perforce his contract subject to call to return to his place of employment when he has finished his meal."

■ We are not in accord with the views of the Court of Civil Appeals that the second journey of the employee from

the parking lot of Union Camp, and his fatal injury on the second journey, all within the period of time allowed for his lunch break, solely and within itself constituted a ·deviation from the employees usual route, and was for his own pleasure. We cannot see that there were any limitations on the ·employee's activities during the allowable time of the meal break, other than that he was subject to call during this time. Actually he had not been called. Of course, had he been recalled and the injury had occurred on his trip to the site of his employment in response to such call, a differ-·ent situation would have been presented.

■ There is a difference between being on duty, and being on call. Even · though an employee is subject to call, he is not on duty unless it be shown that he has been called and is responding to a duty to his employer in setting out on his trip to ·the site of his employment.

Even though in disagreement with that part of .the opinion of the Court of Civil Appeals just noted, we are in accord with the judgment of the Court of Civil Appeals reversing the judgment of the Circuit Court. The judgment of the Court of Civil Appeals is therefore due to be affirmed.

Affirmed.

MERRILL, COLEMAN, BLOOD-WORTH, and SOMERVILLE, JJ., con-·cur.

HEFLIN, C. J., and MADDOX, J., dis-·sent.

HEFLIN, Chief Justice (dissenting):

The crux of the majority opinion in holding that the accident did not arise out ·of the course of the employment is expressed in the following language:

"In the present case the danger incurred by the employee in going on a personal mission was in no wise connected with his employment nor was the danger incidental to the character of his employment, but was wholly independent of the employment relationship."

With this I differ.

It seems to me that when an employer pays an employee for a thirty-minute lunch break and allows the employee to go wherever he wants to eat his lunch, but requires—he be on call during the lunch period, that this contractual relationship between the two makes the lunch break a part of the employment relationship.

In Gilmore v. Rust Engineering Co., 289 Ala. 46, 265 So.2d 591, this court wrote:

"As a general rule, accidents occurring while an employee is traveling to and from work are not considered 'arising out of and in the course of his employment'. Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813; Sloss-Sheffield Steel & Iron Company v. Thomas, 220 Ala. 686, 127 So. 165; 99 C.J.S. Workmen's Compensation § 232. However, exceptions have been carved out of this general rule. *One applies when such transportation constitutes a part of the consideration paid to the employee for his services.* * * *" (Emphasis added.)

In Ammons v. McClendon, 263 Ala. 651, 652, 83 So.2d 239, 240 (1955), it was stated as follows:

"As to whether or not McClendon was where his service required his presence as a part of such service at the time of the accident and during the hours of service as a workman, within the meaning of subsec. (j), supra, depends upon the effect to be accorded his transportation to and from work in the truck. *If by contract, express or implied, the transportation constituted a part of the consideration paid or to be paid McClendon for his services, then, in that*

*event, the mutual duties of employer and employee were being performed* at the time McClendon was killed and the workmen's compensation laws would be applicable. If, on the other hand, *the transportation did not constitute a part of his contract of employment, the workmen's compensation law has no application.* Blair v. Greene, 247 Ala. 104, 22 So.2d 834." (Emphasis added.)

While the last two quoted cases deal with accidents occurring while the employee is traveling to or from work, the rationale which makes such accidents compensable is applicable to the case at bar. That rationale may be stated as follows: If the accident arose out of activities contemplated by the employment contract, whether express or implied, the resulting injuries are compensable. If a paid lunch break with freedom to travel constitutes a part of the consideration paid to the employee for his services, then accidents occurring during that period, whether on or off the premises, should be compensable for the same reason that accidents occurring while traveling to and from work are compensable; that reason being that both are a part of the contractual relationship. If by contract, express or implied, a part of the consideration paid the employee was for time taken by the employee for a lunch break, then the mutual duties of the employer and employee were being performed at the time of the accident. In the case under review the paid lunch break was singled out for special consideration just as transportation was in *Ammons*. Because of the contractual relationship, express or implied, which allowed the employee to leave the premises to eat his lunch and to receive compensation for the time spent in connection therewith, I would hold that the accident arose out of his employment.

There is another reason for my dissent. The majority opinion holds and admits that Blackmon's accident arose while in the course of his employment. It is clear from the quoted portion of Massey v. U. S. Steel Corp., 264 Ala. 227, 86 So.2d 375, that "in the course of his employment" refers to the time, *place,* and circumstances under which the accident took place. Therefore there is no question concerning the place of the accident.

I feel the accident arose out of the course of his employment. In applying our law (as quoted in the majority opinion from Massey v. U. S. Steel Corp., supra) to the evidence in this case it is only necessary to establish that the accident arose out of the employment to show that the employment was the cause and source of the accident. This can be determined by ascertaining whether acts of an employee which are of assistance to himself, such as quenching his thirst or relieving his hunger, form a part of his services to his employer. Stated another way, does his eating of a meal within the hours of employment contribute to the furtherance of his work. Stated another way, are meals within the hours of employment incidents to his employment.

These questions have already been answered by an appellate court in this jurisdiction. An injury sustained by an employee during his mealtime break when an explosion resulted from a flame running from the fire he had made to heat coffee to a can of fuel oil was held compensable under Alabama's Workmen's Compensation Act in Wells v. Morris, 33 Ala.App. 497, 35 So.2d 54 (1948). The Court of Appeals of Alabama in *Wells* recognized the distinction between the phrases "in the course of" and "arising out of", stating that the latter phrase "refers to employment as the cause and source of the injury". The court went on to hold that the employee's injury did arise out of his employment, stating:

"In this case the plaintiff, because of his remoteness in the woods at the lunch hour and the limited time of the lunch period, had no choice as a practical matter but to eat in the woods where he was

working. Such a situation not only suggested but invited the heating of coffee to accompany the eating under such circumstances. His employment was therefore a contributing cause to the injury he sustained, and the injury was reasonably related to his employment."

This same issue, i. e., whether acts of an employee which are of assistance to himself form a part of his services to his employer, has also been answered in the affirmative by other jurisdictions. In Dzikowska v. Superior Steel Co., 259 Pa. 578, 103 A. 351 (1918), the plaintiff's deceased husband, Dzikowska, was engaged in loading steel upon a railroad car for his employer, the defendant. He had loaded all of the steel at hand, and, while waiting for the arrival of more steel, stepped out of the shipping room, in which he had been working, and went into a box car to smoke. His clothing, which was saturated with oil from the steel he had been loading, caught fire from the match he had struck to light his cigarette, and he was fatally injured. The Pennsylvania Supreme Court, in holding that the injury was compensable, quoted with approval from 1 Honnold on Workmen's Compensation, § 111, as follows:

" * * * Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the Workmen's Compensation Acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure drink, refreshments, food, or fresh air, or to rest in the shade."

A similar factual situation was presented to the Supreme Court of California in Whiting-Mead Commercial Co. v. Industrial Accident Commission, 178 Cal. 505, 173 P. 1105 (1918), wherein it was stated:

"Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work. * * * That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident dangers. At the same time injuries occasioned by them are accidents resulting from the employment."

Again in the case of Archibald v. Ott, 77 W.Va. 448, 87 S.E. 791 (1916), the Supreme Court of Appeals of West Virginia held the acts of an employee for his own assistance to be a part of his services to his employer, stating:

"Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of the work."

This proposition is supported by a number of other cases, including Holland-St. Louis

Sugar Co. v. Shraluka, 64 Ind.App. 545, 116 N.E. 330 (1917); In re Borin, 227 Mass. 452, 116 N.E. 817 (1917); In re Osterbrink, 229 Mass. 407, 118 N.E. 657 (Mass.1918); Racine Rubber Co. v. Industrial Commission, 165 Wis. 600, 162 N.W. 664 (1917); Haller v. City of Lansing, 195 Mich. 753, 162 N.W. 335 (1917); Northwestern Iron Co. v. Industrial Commission, 160 Wis. 633, 152 N.W. 416 (1915); Zabriskie v. Erie R. Co., 86 N.J.L. 266, 92 A. 385 (1914); Brooklyn Mining Co. v. Industrial Accident Commission, 172 Cal. 774, 159 P. 162 (1916); Vennen v. New Dells Lumber Co., 161 Wis. 370, 154 N.W. 640 (1915).

The majority has distinguished the *Wells* case on the ground that the injury in *Wells* occurred while the employee was on the premises of his employer, whereas the injury sustained by petitioner-appellee-plaintiff in the instant case occurred away from the employer's premises. I see no valid reason for this distinction. If acts of ministration by an employee to himself while on the premises of his employer are considered a part of his services to his employer, why, then, should not the same acts when performed off the employer's premises, not only with the consent, but at the expense, of the employer, be considered in the same light. The acts are of no less assistance to the employee in performing his services to his employer when done off the premises. The geographical area in which the acts of ministration are performed does not affect their value to the employee or to the employer, even if the value be indirect to the employer. Besides, the place of the employment is material only to the issue of whether the accident "arose in" the course of the employment and not as to whether or not the accident "arose out" of the employment.

I, therefore, respectfully dissent.

MADDOX, J., concurs in the foregoing dissent.