This is a workmen's compensation case.
Defendant appeals from judgment granting plaintiff summary judgment.
Plaintiff is the widow of Charles D. Price, III. Mr. Price was killed by a train while driving his automobile over a railroad crossing at about noon on August 30, 1977, in the town of Ashford, Alabama. Mr. Price was employed by defendant as a counselor. He usually worked in the main office in Dothan, but in May of 1977, he was assigned to work on Tuesday of each week at a branch office in Ashford. Ashford is some ten miles from Dothan. Price was reimbursed fifteen cents per mile for travel expense when he went to work in Ashford. On the day of his death, Price worked in his office in Ashford until noon. He was driving his automobile to a nearby restaurant where he customarily ate his lunch when he was killed. There was some testimony by *Page 726 
the police chief of Ashford that he was going to join Price for lunch as he had on other days and that Price had counseled with him about his marital problems on such occasions. However, his affidavit and a previous deposition tended to conflict. There was no specific appointment to meet for that purpose on the day of his death.
Each party moved for summary judgment. Written briefs were submitted on the issue of whether Price was killed by accident in the course of and arising out of his employment. The trial court entered judgment for plaintiff and in doing so made the following statements:
 "The court is of the opinion that these facts establish that the injuries resulting in Price's death arose out of and in the course of his employment with defendant as a matter of law. The court reaches this decision because all of the undisputed facts considered as a whole leave no rational conclusion except that but for Price's employment with defendant, in all likelihood, he would not have been where he was at the time of his death and would not have been subjected to the danger which killed him. The fact that Price's travel expenses were being paid at the time of his death also weighs heavily in the reaching of this decision." [Emphasis added.] (R. 54)
We find the trial court was in error in applying the law to the facts. The application by the court of the "but for" principle enunciated in its judgment is not a rule of law and is not appropriate as a basis for determining whether deceased was in the course of his employment at the time he was killed. It certainly cannot be a valid indicator of "arising out of" his employment. The statute requires that the injury or death result from both elements or conditions, i.e., it must "arise out of" and occur "in the course of" the employment. § 25-5-51, Code of Alabama (1975). These conditions or terms are limited in application in any case by the provisions of § 25-5-1 (9) which state inter alia:
 "(9) Injuries by an accident arising out of and in the course of his employment. Without otherwise affecting either the meaning or interpretation of such clause, such clause does not cover workmen except while engaged in or about the premises where their services are being performed or where their service requires their presence as a part of such service at the time of the accident and during the hours of such service as such workmen,. . . ."
Our review of the affidavits and depositions submitted in support of plaintiff's motion for summary judgment indicates they fail to prove without material issue of fact that Price died as a result of an accident occurring while in the course of his employment and arising out of his employment.
Our supreme court has defined the phrases "in the course of" and "arising out of." Union Camp Corporation v. Blackmon,289 Ala. 635, 270 So.2d 108 (1972); Massey v. United States SteelCorporation, 264 Ala. 227, 86 So.2d 375 (1956); Wooten v.Roden, 260 Ala. 606, 71 So.2d 802 (1954). It has said "in the course of" refers to time, place and circumstances. If an injury occurs within the period of his employment, at a place where he may reasonably be while he is reasonably performing the duties assigned, such injury may be said to have occurred in the course of his employment. The court has also said that the phrase "arising out of" involves the idea of a causal relationship between the employment and the injury.
The referred-to statements of the court were made in the case of Wooten v. Roden, and have been repeated in subsequent cases. More directly to the point, the court in Wooten quoted from the case of F. Becker Asphaltum Roofing Co. v. IndustrialCommission, 333 Ill. 340, 164 N.E. 668, 670 as follows:
 "The injury contemplated by the act must have had its origin in some risk of the employment. It must arise out of and in the course of the employment or be incident thereto . . . a risk is incident to the employment when it belongs to or is connected with the duties a *Page 727 
workman has to perform under his contract of service. . . .
 ". . . It is not enough that the injured person may be present at the place of the accident because of his work unless the injury is the result of some risk of the employment."
This last quoted sentence can only be considered as a denial of the application of the "but for" principle espoused by the trial court.
It is the general rule that accidents occurring while an employee is traveling to and from work are not considered as arising out of and in the course of employment. Gilmore v. RustEngineering Co., 289 Ala. 46, 265 So.2d 591 (1972). Exceptions to the general rule have arisen where the employer furnishes transportation to and from work, Bell v. General AmericanTransportation Corp., 52 Ala. App. 123, 290 So.2d 184 (1973); or where the employee performs some service en route or at home.Patterson v. Whitten, 57 Ala. App. 297, 328 So.2d 301 (1975). Though the employer paid mileage to Price from Dothan to Ashford and return, it does not bring this case within the exception. The accident did not happen while traveling to or from Ashford. The accident occurred while Price was going from his place of employment to a restaurant for lunch. Unless he was making the trip as a service to his employer under his contract of employment, Price was not in the course of his employment. There was evidence attempting to show that to be the case. However, such evidence could only raise an issue of fact to be resolved at trial as to whether he was in the course of his employment. If there is an issue of material fact, summary judgment is improper. Imperial Group, Ltd. v. LamarCorporation, 347 So.2d 988 (Ala. 1977).
We have said that being in the course of his employment is not enough. The supreme court in Union Camp found the deceased to have been in the course of his employment when he was killed in an automobile collision while on his lunch time for which he was paid and during which he was subject to recall to the job. However, the court determined that his death did not arise from any risk or danger incidental to the character of his employment. It said that the risk from which his death occurred was a risk shared by anyone riding in an automobile and did not arise from his employment.
In view of the decision of Union Camp, could the death of Price arise from or out of some risk inherent in or connected with his employment? To put it another way, was his employment the source and cause of his death? The answer to that question may lie in the application of the "street risk" doctrine. The Alabama concept of that doctrine is that an accident may be said to arise out of one's employment if the duties of his employment are such as to require him to be continually or frequently in or upon the street or highway and he is injured from such risk. United Service Insurance Co. v. Donaldson,254 Ala. 204, 48 So.2d 3 (1950).
Plaintiffs contend the "street risk" doctrine applies without material issue of fact. We do not agree. There is conflict in plaintiff's own evidence. In any event, from the judgment, there is no indication that the trial court considered the application of the law of the "street risk" doctrine to the evidence.
We find that summary judgment was improper in this case and must be set aside.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result. *Page 728