The majority's opinion concludes "that although [the worker] deviated slightly from his customary route when he stopped at the Amoco store, his deviation was not substantial." Because I think the worker's "beer stop" was a substantial deviation from his employment, I concur in the result only.
As stated in the majority opinion, it is undisputed that the worker violated the company's alcohol policy and DOT regulations. In Havelin v. Poole Truck Lines, Inc.,395 So.2d 75 (Ala.Civ.App. 1980), cert. den., 395 So.2d 77 (Ala. 1981), this court held that the worker was not entitled to recover workmen's compensation benefits for injuries incurred in an accident which occurred when *Page 1218 
the worker deviated from his business route contrary to direct orders.
 "Our supreme court has defined the phrases 'in the course of' and 'arising out of.' Union Camp Corporation v. Blackmon, 289 Ala. 635, 270 So.2d 108 (1972); Massey v. United States Steel Corporation, 264 Ala. 227, 86 So.2d 375 (1956); Wooten v. Roden, 260 Ala. 606, 71 So.2d 802 (1954). It has said 'in the course of' refers to time, place and circumstances. If an injury occurs within the period of his employment, at a place where he may reasonably be while he is reasonably performing the duties assigned, such injury may be said to have occurred in the course of his employment. The court has also said that the phrase 'arising out of' involves the idea of a causal relationship between the employment and the injury."
Wiregrass Comp. Mental Health Clinic v. Price, 366 So.2d 725,726 (Ala.Civ.App. 1978), cert. den., 366 So.2d 728 (Ala. 1979).
In view of the company's alcohol policies and DOT regulations, if the worker had not resumed his customary route when the accident occurred, he certainly was not "at a place where he may reasonably be while he is reasonably performing the duties assigned." Wiregrass at 726.
The issue of proximate cause is not applicable if the accident happened during a substantial deviation from his employment. Obviously, if the accident did not occur "in the course of" and "arising out of" his employment because of a substantial deviation from his employment, the proximate cause of his accident would be irrelevant.
Because the deviation was substantial, whether the worker's "personal mission had ended and he had resumed his customary route when the accident occurred" is a factual issue that must be resolved on remand.