This is a workmen's compensation case.
The plaintiff, Royce Havelin, was employed by the defendant, Poole Truck Lines, Inc., as a truck driver. He was involved in a one-vehicle accident while driving one of the defendant's trucks shortly after midnight on October 9, 1979. In that accident the plaintiff's left foot was severed. His left leg was subsequently amputated some seven inches below the knee. The plaintiff sued for workmen's compensation benefits from defendant. After answer by defendant, both parties moved for summary judgment.
After considering the pleadings, briefs filed in support of motions and the deposition of the plaintiff, defendant's motion for summary judgment was granted. Plaintiff appeals. We affirm.
Plaintiff contends the trial court erred in granting defendant's motion because the uncontroverted facts of this case establish a scintilla of evidence that the accident arose out of and occurred in the course of his employment.
A motion for summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Green v. BlueCross-Blue Shield of Alabama, 358 So.2d 466 (Ala.Civ.App. 1978). The movant has the burden of showing the absence of any genuine issue of material fact. Amason v. First State Bank ofLineville, 369 So.2d 547 (Ala. 1979). If there is a scintilla of evidence supporting the non-moving party, a summary judgment is inappropriate. Wilbanks v. Hartselle Hospital, 334 So.2d 870
(Ala. 1976). Where, however, all the basic facts are undisputed and the matter is one for interpretation or of reaching a conclusion of law by the court, the court may grant a motion for summary judgment. Bible Baptist Church v. Stone,55 Ala. App. 411, 316 So.2d 340 (1975).
Having viewed thoroughly all that was before the trial court, we find the material facts are undisputed and must be taken as true for the purpose of the motion. Ray v. Midfield Park, Inc.,293 Ala. 609, 308 So.2d 686 (1975). Whether an accident arises out of and in the course of employment depends upon the facts and circumstances of each case. Bell v. General AmericanTransportation Corp., 52 Ala. App. 123, 290 So.2d 184 (1973). But when the facts are undisputed, whether the accident arose out of and in the course of employment requires application of the law to those facts. Travelers Insurance Co. v. Smith,91 Ga. App. 305, 85 S.E.2d 484 (1954); See also, 18A Ala.Dig.,Trial, Key No. 141. Therefore, our inquiry turns to whether the defendant was entitled to judgment as a matter of law.Hudson-Thompson, Inc. v. Leslie C. King Co., 361 So.2d 541
(Ala. 1978).
An employee's right to recover benefits under our Workmen's Compensation Law depends primarily upon the employee's injury or disability resulting from an accident "arising out of and in the course of his employment." § 25-5-51, Code of Alabama (1975). The trial court concluded that under the undisputed facts the accident did not meet that test as a matter of law. These facts are as follows:
From his home, plaintiff called his employer during the afternoon of October 8, 1979, and was told that a load was available for him. He arrived at his employer's place of business around eight o'clock at night and was directed to a local plaint to pick up a load of wallboard for delivery to Grand Bay, Massachusetts. He left the plant around eleven o'clock, the load secured and the trip to Massachusetts begun. Just after midnight the accident which is the subject of this suit occurred.
Plaintiff testified at deposition that the employer's policy was for its drivers to take the most direct and economical route for delivery purposes. He testified that route would be north on U.S. Highway 43 from Mobile to Birmingham. Plaintiff further *Page 77 
stated that in beginning his trip, instead of traveling north on U.S. 43, he headed west on U.S. Highway 45 for some distance then north on Alabama Highway 217 (or Lott Road). The accident occurred on Alabama 217 when the truck plaintiff was driving collided with several cattle in the middle of the road. Plaintiff admitted to being on his way home at the time of the accident in order to take a shower, get some clothes and pick up his logbook. Plaintiff also stopped at a grocery store on the way home and bought a gallon of milk, knowing they were out of milk at home. It is undisputed that the plaintiff was approximately fifteen miles off the most economical and direct route out of Mobile toward Massachusetts when the accident occurred. He admitted he knew of a company order that drivers were not to take trucks to their home without permission from the dispatcher. He had been previously admonished for violating the order. He had no permission to go to his home on this occasion. He deliberately left his suitcase and logbook at home when he called in and was informed that he had a load to pick up going to Massachusetts. He formed the intent then to return home with his truck and load, take a shower and get his suitcase and logbook before going on his trip.
Thus, it is admitted by claimant that though dispatched with a loaded truck to Massachusetts by the most direct and economical route, to arrive at the most expeditious time, he deviated from that route contrary to direct orders, for the reason of taking a bath, picking up his suitcase and logbook and taking home milk. 1 Larson, The Law of Workmen's Compensation, § 19:31 (1978) states the correct applicable rule as follows:
 When an employee deviates from his business route by taking a side trip that is clearly identifiable as such, he is unquestionably beyond the course of his employment while going away from the business route and toward the personal objective.
The trial court applied the rule to the undisputed facts and entered judgment, holding that the deviation was substantial, contrary to the employer's direction, for a personal objective and thus not within the course of employment as a matter of law. We find the judgment not erroneous. It is the law of our cases that an injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or doing something incident to it. Wiregrass Comprehensive Mental HealthClinic, Inc. v. Price, 366 So.2d 725 (Ala.Civ.App. 1978), cert.denied, 366 So.2d 728 (Ala. 1979).
We cannot agree with claimant that a "personal comfort doctrine" applies or that the deviation was incident to the employment or to any degree served the interest of the employer.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.