This is a workmen's compensation case.
The employee, Lewis Worthington, was employed by Moore Electric Company, Inc. as a foreman. The employee was involved in an accident while driving one of his employer's trucks. The parties stipulated that as a result of the accident the employee sustained a twenty-five percent partial disability to the hand.
After hearing the employee's testimony in the case, the trial court entered an order finding:
 "[I]n view of the evidence, even in the most favorable light to the plaintiff, the Court is not convinced or satisfied that he was acting within the line of scope of his duties of his employment on the occasion of going to and from work in the first place; and, secondly, the Court is also more impressed, if in fact it was a duty, which the Court does not find in this case, that he would be deviating from the path that they would have been normally traveling to carry out that duty.
". . . .
 ". . . Based on the evidence, . . . this Court does not find from the facts presented in evidence thus far, sufficient evidence that would indicate or support the contention of plaintiff that to and from travel was within the line of scope of duty of the employment period.
 "So I don't have to get to the deviating point, but I think the deviating point is there as well."
This court's standard of review in a workmen's compensation case is whether any reasonable view of the evidence supports the trial court's findings and, then, whether the law has been correctly applied *Page 619 
to those findings. Ex parte Patterson, 561 So.2d 236
(Ala. 1990).
Pursuant to § 25-5-1, Code 1975, an employee's injuries are compensable if his accident arose out of and occurred in the course of employment. Generally, accidents that occur while an employee is traveling to and from work are not compensable because they fail to meet the arising-out-of and occurring-in-the-course-of-employment requirement. Sun Papers,Inc. v. Jerrell, 411 So.2d 790 (Ala.Civ.App. 1981). Here, it is clear that the accident occurred while the employee was traveling to and from work.
However, this determination does not automatically preclude the employee's recovery, due to exceptions to the aforementioned general rule. In situations where the employer furnishes the employee transportation, or reimburses him for his expenses, or the employee is engaged in some duty to his employer in connection with his employment at home or en route, then the accident may be deemed as arising out of and occurring in the course of the employment. Union Camp Corp. v.Blackmon, 289 Ala. 635, 270 So.2d 108 (1972).
The employee's testimony was that the truck he drove to and from work was furnished by his employer. Further, the employee was given $25 a day for expenses related to the truck, and he had a practice of picking up his two co-workers and transporting them to work, also.
It is this court's opinion that the only reasonable view of this evidence is that the employee, while driving to and from work every day, was on a journey that arose out of and occurred in the course of his employment.
However, the employee's accident may still be found noncompensable if this court determines that the only reasonable view of the evidence was that the employee took a clearly identifiable side trip and so deviated from his business journey that he unquestionably went beyond the course of his employment in going away from his business route and toward a personal objective. Havelin v. Poole TruckLines, Inc., 395 So.2d 75 (Ala.Civ.App.), cert. denied,395 So.2d 77 (Ala. 1981).
On the day of the accident, the employee was traveling home when his truck had a collision with another vehicle. As mentioned previously, two other employees regularly rode with him and were riding with him on the day of the accident. On that day, the employee was traveling a route home that was different from normal. Although a dispute exists over whether this route was the quickest or most direct route home, that fact is not controlling:
 "Taking a somewhat roundabout route, or being off the shortest line between the origin and destination, does not in itself remove the traveler from the course of employment; it must be shown in addition that the deviation was aimed at reaching some specific personal objective."
1 A. Larson, The Law of Workmen's Compensation § 19.50 (1985) (footnotes omitted).
In short, whether the deviation removes the employee from the course of employment is bottomed on whether the side trip was aimed at accomplishing a personal objective. Larson;see also, Havelin, supra.
The employee's testimony concerning the anticipated side trip was this: The employee regularly transported two co-workers to and from work in a company truck for which his expenses were reimbursed. On the day of the accident, one co-worker wanted to be delivered to the construction site of his new home rather than to his usual destination. Thus, the employee took another route home — a route that the employee testified he had taken before for a change of scenery. The employees were on this different, yet roundabout, route when the accident occurred. However, they had not yet reached the anticipated side trip, or turned onto the road leading to the co-worker's house, at the time of the accident. Larson, § 19.22, provides: "[T]he prospect of a future deviation [is] of no consequence as long as the accident *Page 620 
occurred on the direct route which claimant had to travel." (footnote omitted)
In view of the applicable review standard in workmen's compensation cases and the fact that the act is to be liberally construed so as to accomplish its beneficent purposes, Sun Papers, Inc., supra, this court determines that the only reasonable view of the evidence was that the employee was not engaged in a personal mission which so deviated from his business journey that his accident is noncompensable.
The employee simply happened to be traveling a different route and transporting one of his co-workers to a different destination than normal on the day of the accident. Even if this "deviation" could be considered "personal," it was not "personal" as to the injured employee. Further, the "deviation," which was for the benefit of a co-worker, had not even occurred at the time of the accident.
Thus, this court cannot find that at the time of the accident the employee was not acting within the line and scope of his employment.
The judgment of the trial court is reversed.
REVERSED AND REMANDED.
INGRAM, P.J., and RUSSELL, J., concur.