THIGPEN, Judge.
This is a workmen’s compensation case.
The employee, Lewis Worthington, was employed as a foreman by Moore Electric Company, Inc. (employer). As the result of an accident while he was driving one of his employer’s trucks, the employee injured his hand.
In 1987, the employee filed a workmen’s compensation claim against his employer. The case was tried in 1989, at which time the circuit court granted the employer’s motion for involuntary dismissal. The court based its dismissal on its finding that the employee was not acting within the line and scope of his employment at the time of the accident, and even if he were, he had deviated from the scope of his employment at the time of the accident.
After the trial court denied the employee’s motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial, the employee appealed to this court. See Worthington v. Moore Electric Co., 563 So.2d 617 (Ala.Civ.App.1990).
This court reversed the trial court and remanded the case for a new trial. Further, we held that we were unable to find that the employee was not acting within the line and scope of his employment at the time of the accident.
Following the second trial, the court entered an order in favor of the employee and Humana Health Plans, Inc. (Humana), as an intervenor. The court denied the employer’s motion for a new trial. The employer appeals.
The employer presents two issues for our review. We consider first whether Humana may maintain a subrogation claim against the employer for monies Humana paid to the employee’s medical providers in connection with the injury that forms the basis of this workmen’s compensation action. The employer contends that Humana is not entitled to maintain an action against it because the employee’s medical benefits have already been paid by another carrier. The Workmen’s Compensation Act, § 25-5-77(a), Ala.Code 1975, states in part:
“In case an insurer of the employee or a benefit association is liable for such medical, surgical and hospital service or for a part thereof or in case the employee is entitled to the same or a part thereof, from any source whatever by virtue of any agreement or understanding or law, state or federal, without any loss or benefit to the employee, the employer shall not be required in such case to pay any part of such expense, unless said benefits are insufficient to pay all such expense, and in such event the employer shall be liable for the deficiency only.”
The employer contends that Humana should not be able to maintain a subrogation action against it because the employee not only was entitled to receive benefits under another policy, but in fact did receive benefits pursuant to this other policy. We do not agree. The trial court states specifically in its findings that there was no showing at trial that the employee was entitled to have any of his benefits paid from any other source, as is clearly required for the pertinent part of § 25-5-77(a), Ala.Code 1975, to apply. The trial court also stated that there was no showing whetner State Farm Automobile Insurance Company, which paid the employee’s health insurance, has rights of subrogation against anyone; if so, the effect could be a loss of benefit to the employee, resulting in the inapplicability of the pertinent part of § 25-5-77(a), Ala.Code 1975. It is not this court’s duty to weigh evidence; instead, we should “indulge in all favorable presumptions to sustain the conclusions reached by the trial court” and reverse only on a showing that the court’s finding is plainly erroneous or manifestly unjust. Gann & Lewis Roofing Co. v. Sokol, 359 So.2d 815 (Ala.Civ.App.1978). In the case subjudice, the trial court’s finding is neither erroneous nor unjust. Section 25-5-77(a), Ala.Code 1975, requires that, in order for the employer to avoid paying benefits, the employee must be entitled to benefit from another source and not suffer any loss of benefit. The trial court heard the evidence and was not satisfied that these requirements had been met. Humana paid these medical bills when it appeared the employee’s accident was not work-related, that is, before the medical bills were clearly the *7 employer’s responsibility, and the trial court determined that in light of the fact that the injury was work-related the employee was not entitled to receive the benefits from Humana or any other source besides the employer.
Secondly, the employer raises the question of whether the employee had deviated from the scope of his employment at the time of the accident. This issue was addressed by this court in Worthington, supra, wherein we held that the only reasonable view of the evidence was that the employee had not sufficiently deviated from his business journey that his accident was not compensable. The employer maintains that this issue should be reconsidered in light of the additional evidence presented during the remanded trial.
Our standard of review in a workmen’s compensation case involves a two-step process. Ex parte Eastwood Foods, 575 So.2d 91 (Ala.1991). First, this court determines if there is any legal evidence to support the trial court’s findings. Then if such evidence is found, this court determines whether any reasonable view of the evidence supports the trial court’s judgment. Eastwood Foods, supra. Even if we were persuaded that this issue should be reconsidered, it is the opinion of this court that, given our earlier opinion that the employee had not deviated from the scope of his employment, the trial court had sufficient evidence to justify its determination.
The employee asks that this court assess damages against the employer pursuant to Rule 38, A.R.App.P., for filing a frivolous appeal. Because the issues currently before this court are different from the ones in the first appeal, we cannot hold that this appeal is frivolous.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.