686 So.2d 1213 (1996)
Amanda Anne MEEKS and Tiffany Kaye Meeks, By and Through Deborah M. MEEKS, their mother and natural guardian
v.
THOMPSON TRACTOR COMPANY.
2941162.
Court of Civil Appeals of Alabama.
May 31, 1996.
Rehearing Denied July 12, 1996.
Certiorari Denied November 22, 1996.
*1214 Parker C. Johnston of Enslen & Johnston, Wetumpka, for Appellants.
Michael M. Eley and Bart Harmon of Webb & Eley, P.C., Montgomery, for Appellee.
Alabama Supreme Court 1951840.
SAM A. BEATTY, Retired Justice.
The plaintiffs, Amanda Anne Meeks and Tiffany Kaye Meeks ("the children"), appeal from a summary judgment entered in favor of the defendant, Thompson Tractor Company ("Thompson"). We reverse and remand.
The children's father, William Guy Meeks, worked for Thompson as a field service repairman. Meeks traveled to various locations in central Alabama to repair forklifts; he also worked occasionally in Thompson's shop. Thompson assigned Meeks a company van that he used for travel to and from job sites. Thompson also authorized Meeks to drive the van between his home and the job *1215 sites or Thompson's shop. The van was equipped with a two-way radio that Meeks used to communicate with his supervisor at Thompson. Even after Meeks's supervisor released him to go home at the end of a workday, Meeks kept the radio on because he was subject to being called and sent to another job site.
On January 14, 1994, Meeks left Thompson's shop to drive his company van to Lake Jordan, where he had a camper vehicle and where he had parked his personal vehicle. Thompson personnel testified that Meeks was allowed to do this because the mileage from the shop to Meeks's home and the mileage from the shop to his camper were approximately the same. To reach his camper from Thompson's shop, Meeks typically traveled north on Highway 231 from Montgomery to Wallsboro, and then traveled west on Cousins Road to the camper. As he was traveling that route on January 14, Meeks stopped at the Wallsboro Amoco Grocery & Deli on Highway 231 and purchased a six-pack of beer. Upon leaving the Amoco store, he crossed the northbound lane of Highway 231 and pulled into the median before attempting to cross the southbound lane of Highway 231 onto Cousins Road. While Meeks was crossing the southbound lane of Highway 231 from the median, a vehicle traveling south on Highway 231 struck Meeks's van. According to a witness, it was dark at the time of the accident, and, she says, the other vehicle's headlights were not on. Meeks likely was not wearing his seat belt at the time of the accident. He died as the result of injuries he sustained in the collision.
The children sued Thompson to recover death benefits pursuant to Alabama's workers' compensation statutes. Thompson moved for a summary judgment. The trial court granted that motion. In entering the summary judgment, the trial court held that Meeks's purchase of beer and his possession of the beer in the company van were willful violations of both Thompson company rules and United States Department of Transportation ("DOT") regulations. The court then held that because "the decedent would not have been crossing the street when he was had he not deviated from his route by purchasing beer, the element of causation is present." The court further held that the accident did not arise out of Meeks's employment because, it held, he was on his way home and was pursuing a personal objective, that of purchasing beer, when the accident occurred, and was not furthering Thompson's business.
The children contend that the trial court erroneously concluded that Meeks's death did not arise out of and in the course of his employment, that the trial court erroneously based the summary judgment on Meeks's alleged misconduct, and that the trial court erroneously concluded that Meeks's alleged misconduct was the proximate cause of the accident.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Thompson was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Thompson had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). If Thompson made that showing, then the burden shifted to the children to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against them. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the "substantial evidence" rule. § 12-21-12, Ala.Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Section § 25-5-51, Ala.Code 1975, requires that the children prove that Meeks's death was caused by "an accident arising out of and in the course of his ... employment" with Thompson. "Arising out of" means that "the employment was the cause and source of *1216 the accident." Gold Kist, Inc. v. Jones, 537 So.2d 39, 41 (Ala.Civ.App.1988). "In the course of" means that the injury occurs within the span of the employment at a place where it is reasonable to expect the employee to be and while the employee is reasonably fulfilling the duties of his or her employment or is engaged in some activity incidental to it. Moesch v. Baldwin County Elec. Membership Corp., 479 So.2d 1271 (Ala.Civ.App. 1985). In the case of an employee injured as the result of an accident while traveling to or from work, if the employer has furnished the employee with the transportation or reimbursed his or her expenses, or if the employee is engaged in some duty in connection with his or her employment at home or in route, this court has held that such an accident arises out of and in the course of his or her employment and is compensable. See, e.g., Worthington v. Moore Elec. Co., 563 So.2d 617 (Ala.Civ.App.1990). Nevertheless, if an employee deliberately and substantially deviates from his or her employment, any injury that occurs during the substantial deviation is not a compensable injury, because the injury does not arise out of and in the course of the employment. Kewish v. Alabama Home Builders Self Insurers Fund, 664 So.2d 917 (Ala.Civ.App.1995).
In Worthington, an employee was involved in an automobile accident while driving one of his employer's trucks. The injured employee regularly drove a company vehicle to and from work, and two co-workers regularly rode with him. On the day of the accident, he had planned to take one of his co-workers to a destination other than his home. The accident occurred before the employee reached the anticipated side trip. This court held that the only reasonable view of the evidence presented was that "the employee, while driving to and from work every day, was on a journey that arose out of and occurred in the course of his employment," and that on the day of the accident "the employee was not engaged in a personal mission which so deviated from his business journey that his accident [was] non-compensable." 563 So.2d at 619-20.
Thompson argues that Meeks deviated from his employment by stopping at the Amoco store and that his accident therefore did not arise out of and in the course of his employment. Any deviation from employment must be substantial, however, for an employee to be precluded from entitlement to workers' compensation benefits. See Kewish, 664 So.2d at 922. We conclude that the children presented substantial evidence that Meeks's death arose out of and in the course of his employment. Viewing the evidence in the light most favorable to the children, one could conclude that although Meeks deviated slightly from his customary route when he stopped at the Amoco store, his deviation was not substantial. One also could conclude from the evidence that his personal mission had ended and that he had resumed his customary route when the accident occurred. Because that evidence created a material issue of fact regarding whether Meeks's accident arose out of and in the course of his employment, a summary judgment in favor of Thompson on that issue was inappropriate.
We now turn to the trial court's conclusion that, because Meeks stopped to purchase alcoholic beverages, his willful misconduct caused the accident. Section 25-5-51, Ala.Code 1975, provides that "no compensation shall be allowed for an injury or death caused by the willful misconduct of the employee." Thompson's drug and alcohol policy strictly forbids alcohol use, alcohol impairment, or the possession of alcohol when an employee is driving a company vehicle. Thompson's policy also prohibits an employee's parking a company vehicle at establishments that sell alcohol or where the vehicle's being parked would otherwise reflect unfavorably upon the company. DOT regulations prohibit both impairment by, and possession of, alcohol when a driver is operating a commercial vehicle. The record reflects that after the accident, 11 cans of beer were found in Meeks's van, that one can was open, and that Meeks told emergency room personnel that he had been drinking on the afternoon of the accident.
Before willful misconduct can bar workers' compensation benefits, however, the employee's injury or death must be caused by the willful misconduct. In this case, the trial *1217 court concluded that Meeks's stop at the Amoco store proximately caused the accident. "Proximate cause" means the precipitating or immediate cause, as opposed to a remote cause. Nix v. Goodyear Tire & Rubber Co., 624 So.2d 641, 643 (Ala.Civ.App. 1993). We conclude that the children presented substantial evidence that Meeks's accident was caused by the oncoming driver's failure to use headlights. Viewing the evidence in the light most favorable to the children, one could conclude that the proximate cause of this accident was not Meeks's stop at the Amoco store or his purchase of beer. Because that evidence created a material issue of fact regarding the causation of the accident, a summary judgment in favor of Thompson on that issue was inappropriate.
The children also moved for a summary judgment, arguing that certain of Thompson's defenses, those based on Meeks's violation of Thompson's rules and policies, are not recognized by Alabama's workers' compensation act. The trial court denied the children's motion. They contend that the trial court erred because § 25-5-51, Ala.Code 1975, was amended in 1985 to delete a provision that denied compensation to an employee for an injury or death caused by his or her willful breach of an employer's rules or regulations. We conclude that the trial court was correct in denying a summary judgment on that basis in favor of the children. After the 1985 amendment, § 25-5-51 retained the provision that denied compensation to an employee for an injury or death caused by his or her willful misconduct or caused by an employee's "willful failure or willful refusal to use safety appliances provided by the employer." Thompson's defenses are clearly based upon its contention that Meeks's death was caused by his willful conduct and/or his failure to use a safety appliance, i.e., his seat belt.
Thompson's policy required its employees to use a seat belt when driving a company vehicle. The record reflects that Meeks likely was not wearing his seat belt at the time of the accident, and Thompson argues that his failure to do so precludes the children's recovery of benefits. For the failure to use a safety appliance to bar workers' compensation benefits, however, the employer must prove that the employee willfully failed or refused to use the safety appliance, and the employee's injury or death must be caused by his or her failure or refusal to use the safety appliance. The trial court addressed neither the willfulness question nor the causation aspect of Meeks's alleged failure to wear a seat belt; therefore, we will not address them here.
In summary, we conclude that the trial court erred in holding that those facts before it on Thompson's summary judgment motion compelled a conclusion that the accident in which Meeks was fatally injured did not arise out of and in the course of his employment and that Meeks's stop at the Amoco store proximately caused the accident. Accordingly, the judgment is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY, J., concurs in the result only.
CRAWLEY, Judge, concurring in the result only.
The majority's opinion concludes "that although [the worker] deviated slightly from his customary route when he stopped at the Amoco store, his deviation was not substantial." Because I think the worker's "beer stop" was a substantial deviation from his employment, I concur in the result only.
As stated in the majority opinion, it is undisputed that the worker violated the company's alcohol policy and DOT regulations. In Havelin v. Poole Truck Lines, Inc., 395 So.2d 75 (Ala.Civ.App.1980), cert. den., 395 So.2d 77 (Ala.1981), this court held that the worker was not entitled to recover workmen's compensation benefits for injuries incurred in an accident which occurred when *1218 the worker deviated from his business route contrary to direct orders.
"Our supreme court has defined the phrases `in the course of' and `arising out of.' Union Camp Corporation v. Blackmon, 289 Ala. 635, 270 So.2d 108 (1972); Massey v. United States Steel Corporation, 264 Ala. 227, 86 So.2d 375 (1956); Wooten v. Roden, 260 Ala. 606, 71 So.2d 802 (1954). It has said `in the course of' refers to time, place and circumstances. If an injury occurs within the period of his employment, at a place where he may reasonably be while he is reasonably performing the duties assigned, such injury may be said to have occurred in the course of his employment. The court has also said that the phrase `arising out of' involves the idea of a causal relationship between the employment and the injury."
Wiregrass Comp. Mental Health Clinic v. Price, 366 So.2d 725, 726 (Ala.Civ.App.1978), cert. den., 366 So.2d 728 (Ala.1979).
In view of the company's alcohol policies and DOT regulations, if the worker had not resumed his customary route when the accident occurred, he certainly was not "at a place where he may reasonably be while he is reasonably performing the duties assigned." Wiregrass at 726.
The issue of proximate cause is not applicable if the accident happened during a substantial deviation from his employment. Obviously, if the accident did not occur "in the course of" and "arising out of" his employment because of a substantial deviation from his employment, the proximate cause of his accident would be irrelevant.
Because the deviation was substantial, whether the worker's "personal mission had ended and he had resumed his customary route when the accident occurred" is a factual issue that must be resolved on remand.