MOORE, Judge.
Michael Chad McDaniel (“the employee”) appeals from a summary judgment entered by the Mobile Circuit Court (“the trial court”) in favor of Helmerich & Payne International Drilling Company (“the employer”) on his workers’ compensation claim. We reverse the summary judgment and remand the case for further proceedings.
The employee sustained personal injuries as the result of a motor-vehicle accident occurring on a Mobile County road on January 10, 2008, at approximately 5:50 a.m. The trial court entered a summary judgment in favor of the employer on the ground that the employer had proven that there was no genuine dispute that the employee’s accident did not arise out of and in the course of the employee’s employment with the employer. Specifically, the trial court determined that the evidence presented by the parties in support of and in opposition to the employer’s motion for a summary judgment established, without dispute, that the motor-vehicle accident occurred while the employee was *1093 traveling on his way to a worksite before the workday had commenced. Under the “going and coming rule,” accidents occurring while a worker is traveling on a public road while going to or coming from work generally fall outside the course of the employment. See Turner v. Drummond Co., 349 So.2d 598, 603 (Ala.Civ.App.1977). The trial court further found that the employee had failed to present substantial evidence in support of his argument that one or more of the exceptions to the going and coming rule applied. See Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813 (1932) (holding that employee injured while in “zone of danger” created by employment would be considered in the course of the employment while coming to work); Young v. Mutual Sav. Life Ins. Co., 541 So.2d 24 (Ala.Civ.App.1989) (treating a traveling employee as within the course of the employment at all times while in his or her prescribed territory, except when engaged in a purely personal errand); and Partin v. Alabama Power Co., 615 So.2d 616 (Ala.Civ.App.1992) (holding that on-call employee enters the course of the employment when responding to a specific request by employer to report for duty).[1] On appeal, the employee maintains that the trial court erred as to both conclusions.
The evidence filed in support of the employer’s motion for a summary judgment indicated that, on January 9, 2008, the employee, who resided in Louisiana, traveled to Mobile County to assist in “rigging down” an oil rig located in Creóla that was to be later reassembled for a project in Chunchula. After the end of the workday, the employee retired to a bunk in a crew trailer owned and maintained by the employer, which the employer had provided as an accommodation to its workers and which had been moved from the Creóla worksite to the new Chunchula worksite on January 9, 2008. The employee awoke the next morning, left the crew trailer, got into his personal vehicle, and began traveling to report to the Creóla worksite, where he was scheduled to begin work later that morning. The accident occurred during that journey.
The countervailing evidence presented by the employee indicated that he had been assigned a bunk in the crew trailer as part of the employer’s ordinary requirement that workers use the crew trailers when working on site and that the employer usually positioned those trailers on the site where the workers were scheduled to work the next day so that the workers could start working almost immediately upon leaving the trailers. On the morning of January 10, 2008, a supervisor awakened the employee at 5:00 a.m. and ordered him to report to a mandatory safety *1094 meeting, which took place in a supervisor’s trailer on the Chunchula worksite not long thereafter.[2] The employer paid additional compensation to its workers to attend all safety meetings, which usually lasted about 15 or 20 minutes at the start of each workday, so the employee maintained that his workday had begun upon the commencement of that meeting. During that meeting, the employee was advised to use precaution when traveling to the Creóla worksite. The record indicates that it was a rainy and foggy morning and that the route from the Chunchula worksite to the Creóla worksite took the employee across an unmarked dirt road. The employee’s vehicle slid when he attempted to stop at a stop sign while traveling to the Creóla worksite in his personal vehicle, resulting in the employee’s vehicle colliding with an oncoming tractor-trailer.
The evidence reveals a dispute between the parties regarding whether the employee was required to stay in the crew trailer on the night of January 9, 2008, and whether his workday began with a safety meeting conducted at the Chunchula work-site and continued throughout the trip from the Chunchula worksite to the Creóla worksite. If so, the employee would not have been “going” to work when he departed the Chunchula worksite but, based on our caselaw, would have already started working so that his trip and any hazards of injury confronted during that trip would arise out of and in the course of the employment.
In order to be compensable, injuries from a motor-vehicle accident occurring on a public road must arise out of and in the course of the employment. See Kewish v. Alabama Home Builders Self Insurers Fund, 664 So.2d 917, 922 (Ala.Civ.App.1995). An employee injured while traveling on a public roadway on his or her way to work ordinarily is not entitled to compensation because the accident does not arise out of and in the course of the employment. See Hughes v. Decatur Gen. Hosp., 514 So.2d 985 (Ala.1987). However, if the injury results from an accident during the workday as part of a journey not only contemplated, but required, by the employer, any accident occurring during that journey is considered to have arisen out of and in the course of the employment unless the worker has deviated from his or her work activity in pursuit of a purely personal mission. See Havelin v. Poole Truck Lines, Inc., 395 So.2d 75 (Ala.Civ.App.1980).
“Our standard of review of summary judgments is settled:
“‘A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmov-ant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.
*1095 Proof by substantial evidence is required.’
“Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted). Moreover, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). No presumption of correctness attaches to a summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).”
Stough v. B & B Pallet Repair, Inc., 778 So.2d 193, 196 (Ala.Civ.App.2000).
In this case, when viewed in a light most favorable to the employee, substantial evidence supports at least one of the theories advanced by the employee that he was not injured while going to work but that he was already within the course of the employment when the accident occurred.[3] That evidence creates a genuine issue of material fact, which makes summary judgment inappropriate. See Meeks v. Thompson Tractor Co., 686 So.2d 1213 (Ala.Civ.App.1996); Tucker v. Die-Matic Tool Co., 652 So.2d 263 (Ala.Civ.App.1994); and Walker v. White Agencies, Inc., 641 So.2d 795 (Ala.Civ.App.1993). We therefore reverse the judgment of the trial court, and we remand the case for further proceedings consistent with this opinion.[4]
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The employee also asserted in a motion to set aside the summary judgment entered by the trial court that several other exceptions to the going and coming rule applied, including the dual-purpose doctrine, see Kewish v. Alabama Home Builders Self Insurers Fund, 664 So.2d 917 (Ala.Civ.App.1995), the special-errand rule, see Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716 (Ala.Civ.App.1987), and the jobsite-to-jobsite exception, see Moncus v. Billingsley Logging & American Ins. Co., 366 Ark. 383, 235 S.W.3d 877 (2006). The employer maintains that this court should not consider the applicability of those exceptions because the employee did not raise any argument as to their applicability before the entry of the summary judgment. See Ex parte Ryals, 773 So.2d 1011, 1013 (Ala.2000) (citing Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992)) ("[An] appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for summary judgment.”). Based on our disposition of the appeal, we pretermit any decision on that issue.

. The employer presented affidavit testimony from several workers indicating that no safety meeting took place at the Chunchula worksite the morning of January 10, 2008. However, in addition to his testimony, the employee introduced the employer's billing records, which, when viewed in a light most favorable to the employee, admit that work was performed at the Chunchula worksite on January 10, 2008, permitting the inference that the safety meeting did take place there.

. In holding that the employee has presented substantial evidence to support at least one theory that his injuries are compensable, we do not intend to limit in any manner the employee from proving at trial any other theory that would support a finding that his accident and injuries arose out of and in the course of the employment.

. Because we are reversing the trial court's judgment on the ground that a genuine issue of material fact remains as to whether the employee's accident occurred while he was in the course of his employment, we pretermit discussion as to whether the summary judgment was also inappropriate in light of the evidence presented to the trial court supporting one or more exceptions to the going and coming rule.