MURDOCK, Justice
(concurring in part and dissenting in part).
As set out in more detail in the opinion of the Court of Civil Appeals, Hospice Family Care v. Allen, 218 So.3d 1222 (Ala.Civ.App.2016), one of the issues in this case is the applicability of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”), to a wrongful-death claim arising out of the death of Suzanne Sharp Allen as a result of an automobile accident. I would grant the writ because I believe there is a probability of merit in the argument of Allen’s employer, Hospice Family Care, that, under the “going and coming” rule, there was no legal causation.[1]
Allen’s primary purpose in driving her car at the time of the accident was to go home in the afternoon, after running a personal errand to the drugstore, following the completion of visits by her to the homes of hospice patients. It is true that Allen typically interrupted her at-home activities and resumed her work at some point after arriving home by calling in certain information to her employer and electronically transcribing and transmitting certain medical information regarding each patient she had seen that day. It appears to me, however, that, until she engaged in such activities, she was simply “on her way home from work” or “at home from work.” And I do not see that the exception recognized by the Court of Civil Appeals in Tucker v. Die-Matic Tool Co., 652 So.2d 263 (Ala.Civ.App.1994)—when an employee, during his or her travel to and from work, is engaged in some duty for his or her employer—applies.

. Under the "going and coming” rule, accidents occurring while a worker is traveling on a public road to or from work generally fall outside the course of the employment. E.g., McDaniel v. Helmerich & Payne Int’l Drilling Co., 61 So.3d 1091, 1093 (Ala.Civ.App.2010).